By the Court, Cowen, J.
This scire facias is founded on the 2 R. S. 274, 2d ed., § 5, which enacts, that the assignee, for a valuable consideration, of any bond, note or other chose in action, which has been or may hereafter be assigned, if the assignor be dead and there be no executors or administrators appointed upon his estate, or if they have no interest, <fcc. or refuse, &c. may sue and recover in his own name, «fee.; and the defendant, until due notice of such assignment, <fcc. may avail himself of any defence he might have had against the assignor.
1. If necessary to set forth the residence of Snyder when he died, .as it may have been, it is sufficiently done.
2. The assignment is .shown to have been under the hand and seal of the assignor, which sufficiently imports a valuable consideration.
3. The defendant cannot now object that Snyder was not the sole covenantee, for the original suit and judgment were in his name alone; and though the covenant ran to him and his wife, yet it may have survived to him by the death of his wife. Whether he had a right to sue in his own name or not, however, he did sue, (or rather, the now plaintiff for him,) and recovered judgment in his (Snyder’s) own name; and the defendant is estopped to deny that he (Snyder) was solely interested. It would be no defence against Snyder, if alive, and suing in his own name; and so not a defence at the suit of his assignee under the statute. It must be taken, that Snyder alone had a right to assign the covenant to the plaintiff; and this, it is averred, he did do before judgment. The present plaintiff, therefore, must be considered as the equitable assignee of the judgment, as he was before of the covenant. Thus, he is brought within the word assignee, used in the statute.
4. It was not necessary to aver notice of the assignment to the defendant. This, with the time when given, would rather come by way of replication, to oust him of any defence he might set up by plea; or, in a proper case, the notice, <fec. may be given in evidence as an answer to any defence which may be interposed under the general issue.
*342 The fact of notice can in no way become material till a defence is interposed, which; if it arise after notice, will not be available.
5. The assignee of & judgment may sue. The words, chose in action, used by the statute, comprehend a judgment.
6. The assignee may have a scire facias. The statute is, that he may sue, without mentioning any particular suit. A spire facias is a suit qr action. (Toml. Law Diet. tit. Scire Facias, I. Id. tit. Suit.) The statute means, that the assignee shall, in case of the death of the assignor, &c. have the same remedy in his own name, as the assignor, if alive, might have. The case does not, therefore, as was supposed on the argument, depend on the particular provisions of the revised statutes concerning the writ of scire facias, so far as the ques-. tion of the party plaintiff is concerned. The statute under which the plaintiff sues, brings over or extends the statute of scire facias to his case.
7. Another point made is, that the scire facias does not recite that the judgment is unsatisfied. True; nor need it do so. This is a scire facias quare executionem non; and it is enough to follow the established precedents in such case, saying, as it does, that execution yet remains to he made. If the judgment be paid, the defendant may plead the payment; and that will be a bar to the suit.
8. I believe I have now considered every objection which was taken at the bar, except one mentioned in the third specification of causes for the demurrer, viz. that neither the time nor date of the assignment is shown. The assignment is a material and traversable fact; and must therefore, according to the well settled rules of pleading, be set forth with circumstances of time and place) if these be called for, as time is here, by special demurrer.
We are of opinion, that none of the defendant’s objections aré well taken except the one last mentioned, which is merely formal. For this cause, however, there must be judgment for the defendant, with leave to amend.
Ordered accordingly.